## MOTOR FINANCE CO v JESWALD

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct. 17, 1930

H. C. Waller, for Finance Co.
P. J. Melillo, Youngstown, for Jeswald.

**MAUCK, J.**

It appears that the Jess Edwards Company, the payee, was engaged in selling automobiles, and that Jeswald, who signed the note, was one of the employees of that company. The Jess Edwards Company had a plan by which it raised money upon used cars which it owned, and that plan was employed in getting from Jeswald the particular note sued upon. The employing company turned over to Jeswald a Pontiac car to demonstrate to prospective purchasers to whom he would make an attempt to sell the car. They gave to Jeswald no bill of sale of the car, nor was he in any sense the owner thereof. He did have physical custody of the machine. Under these circumstances he gave to the employing company the note sued on, secured by mortgage on the Pontiac car, which, of course, the mortgagee already owned. The understanding between Jeswald and the employing company was that upon the sale of this car the proceeds of such sale would be applied to the satisfaction of the note and cancellation of the mortgage. Manifestly the pretended sale of the car by the employing company to Jeswald was a mere pretense and actually constituted no consideration for the note. Under his answer the defendant undertook to show that the Motor Finance Company, when it bought the note sued upon, knew that there was no consideration for this particular note, and it is now claimed that as the defendant did not show that the finance company had notice of that defect as to this particular note that the trial court should have instructed the jury to return a verdict for the plaintiff. The case, however, is not so simple as that. Section **8161 GC** defines the rights of a puchaser of a negotiable instrument before due in these terms:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating it, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

It may be true that the defendant only pleaded in his answer actual notice on the part of the plaintiff of the lack of consideration of this note, and that he failed to prove that defense. The evidence, however, took a wider range. The testimony of Mr. Deible particularly, and to some extent the testimony of other witnesses, tended to show that this plan of taking notes from employees by the payee company was known to the plaintiff and was a device planned by them for financing automobile companies with which it was doing business. This testimony while sharply denied by the officers of the plaintiff, tended to show, in the language of the section just quoted, knowledge of such facts upon the part of the plaintiff that its action in taking the instrument sued on amounted to bad faith. Evidence of this kind was admitted without objection, and while the trial court did not instruct the jury upon that phase of the case, the verdict can only be accounted for upon the theory that it was impressed by the testimony tending to show bad faith upon the part of the payee. Of course, a judgment that must rest upon an issue not pleaded and not submitted to the jury can not stand.

The verdict is set aside and the judgment reversed because contrary to the law in that it is not responsive to the pleadings. The plea of the plaintiff in error for judgment is denied because neither by the

pleadings, nor the evidence did it show that it was a mere purchaser before maturity of the instrument sued upon. It is suggested that both parties be permitted to amend in the trial court.

The judgment is reversed and the cause remanded for further proceedings according to law.

Pollock and Farr, JJ, concur.